UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                    CRIMINAL NO. 3:25-CR-80-TSL-ASH

JUSTIN WALLACE

REPORT AND RECOMMENDATION

Upon referral of the district judge, *see* Order of Referral [30], this case came before the undersigned on March 18, 2026, for a hearing under 18 U.S.C. §§ 4241(c) and 4247(d), to determine Defendant Justin Wallace's competency to stand trial. Wallace was represented at the hearing by Michael L. Scott of the Federal Public Defender's Office. As explained below, the undersigned recommends the Court find Wallace competent to stand trial.

I.    Factual and Procedural Background

Wallace was indicted on May 6, 2025, on one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). On October 1, 2025, Wallace, through his counsel, filed a motion for a psychiatric evaluation. Mot. [26]. The Government responded in support of that motion. Resp. [27]. Thereafter, on October 16, 2025, the undersigned granted the motion and ordered that "a psychiatric or psychological evaluation . . . be conducted at a suitable Federal Bureau of Prisons facility or medical center to determine the competency of the Defendant to stand trial as well as to determine the existence of insanity of the Defendant at the time the offense was committed." Order [28] at 1.

The Bureau of Prisons designated Wallace to undergo evaluation at the Federal Medical Center in Fort Worth, Texas, where he arrived on October 30, 2025. Examiner Dr. Lisa Bellah submitted a report of her forensic evaluation to the Court. Report [29]. In short, Dr. Bellah

concluded that Wallace was competent to stand trial. Following receipt of Dr. Bellah's report, Judge Lee referred the matter of Wallace's competency to the undersigned. The undersigned held a competency hearing on March 18, 2026, at which Dr. Bellah appeared and testified remotely. During the competency hearing, the Court accepted Dr. Bellah as an expert in the field of forensic psychology and admitted her report into evidence. She testified, consistent with her report, that Wallace is competent to stand trial.

II.    Discussion

"A criminal defendant may not be tried unless he is competent." *Godinez v. Moran*, 509 U.S. 389, 396 (1993). "[T]he standard for competence to stand trial is whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" *Id.* (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). When a question arises as to a defendant's competency, "[t]he Government bears the burden of proving that the defendant is competent" to stand trial. *United States v. Pervis*, 937 F.3d 546, 554 (5th Cir. 2019).

In this case, the Government has met its burden. The Government presented one witness, Dr. Lisa Bellah, who testified that while Wallace suffers from some mental health disorders, those disorders do not render him incompetent. Her testimony was centered around a psychological evaluation she prepared pursuant to the Court's Psychological Evaluation Order [28]. Her testimony about competency was consistent with her report [29], in which she likewise concluded that while Wallace suffered from some mental health disorders, he was competent to stand trial. *Id.* at 8–10.[1]

---

[1] The Court cites to the CM/ECF pagination for Dr. Bellah's report.

Defense counsel cross-examined Dr. Bellah. He focused on a factual inaccuracy found in Dr. Bellah's report. In her report, Dr. Bellah concluded that Wallace held a delusion, which she defined as "a strongly held fixed, false belief often stemming from an inaccurate interpretation of reality." *Id.* at 8. She explained that Wallace stated he aided police in locating the body of a child victim in an unrelated case. *Id.* at 5–6. She went on to conclude that Wallace's description of the incident corresponded to the known facts of a true-crime incident that had occurred in the Jackson area. Dr. Bellah concluded, though, that Wallace was not involved in the incident and that his assertion to the contrary was an indication of a delusional belief. *Id.* at 6.

On cross, Mr. Scott proffered evidence that Wallace was in fact present when police located the body of a child victim. He then asked Dr. Bellah whether this would impact her conclusion that Wallace suffered from some mental health concerns but was otherwise competent to stand trial. Dr. Bellah indicated that it may alter her diagnosis of "unspecified schizophrenia and other psychotic disorders," *id.* at 8, but that the revelation that Wallace was involved in the true-crime incident did not change her conclusion that he is competent.

The undersigned agrees with Dr. Bellah's conclusion that Wallace is competent to stand trial and therefore recommends that Wallace's trial on the indicted charge go forward.

III.     Conclusion and Recommendation

Based on the testimony of Dr. Bellah during the competency hearing, as well as her conclusions in her report, the undersigned finds that Wallace understands the nature and consequences of the proceedings against him and can properly assist in his defense. Accordingly, the undersigned recommends that the Court enter an order finding Wallace competent to stand trial and set the case for trial.

IV.      Notice of Right to Object

In accordance with Federal Rule of Criminal Procedure 59 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted, this the 27th day of March, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

4